**Dang Thi Nguyen WHITE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 86 CV 851.**

United States District Court, E.D. New York.

Jan. 29, 1987.

Kaplan, Russin, Vecchi & Kirkwood, by Eugene V. Handy, Jr., Sandi DiMola, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., by Janice Siegel, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is an action brought under 42 U.S.C. § 405(g) to review the Secretary's denial of plaintiff's application for retroactive payments of benefits withheld from her pursuant to 31 U.S.C. § 3329.[1]

Plaintiff, a Vietnamese national, married William White, a U.S. citizen, in Saigon in

---

**1.** Section 3329, Title 31 United States Code, entitled "Withholding check to be sent to foreign countries," provides in part:

(a) The Secretary of the Treasury shall prohibit a check or warrant drawn on public money from being sent to a foreign country from the United States or from a territory or possession of the United States when the Secretary decides that postal, transportation, or banking facilities generally, or local condi-

1967. (R. 64.) William White died from work-related injuries in December of 1967. (R. 66–67.) Plaintiff gave birth to their son in June of 1968. (R. 68–69.) She applied for mother's insurance benefits and received monthly payments from 1968 to 1975. (R. 45.) In 1975, the Vietnamese government fell to the communists. As a result, plaintiff's benefits were withheld pursuant to 31 U.S.C. § 3329. Payment of plaintiff's benefits resumed in 1983 when she and her son moved to the United States. (R. 10.)

Plaintiff subsequently applied to the Social Security Administration for retroactive payment of the benefits withheld between 1975 and 1983. Her application was denied. The Administrative Law Judge held that pursuant to 42 U.S.C. § 402(t)(10),[2] plaintiff was not eligible to collect the withheld benefits. (R. 12.)

The issue before this Court is whether 42 U.S.C. § 402(t)(10) defers or precludes payment of Social Security benefits withheld pursuant to 31 U.S.C. § 3329.

Plaintiff argues that section 402(t)(10) does not preclude the accrual of Social Security benefits. Therefore, plaintiff should be entitled to recover payment of the benefits withheld between 1975 and 1983. We disagree. Accrued benefits are defined as benefits *due and payable. See* definition of "Accrued Compensation," Black's Law Dictionary 20 (5th ed. 1979). Therefore, if payments may not be made, benefits may not accrue.

Section 402(t)(10), Title 42 United States Code, must be read in conjunction with 31 U.S.C. §§ 3329 and 3330.[3] Section 3329, Title 31 United States Code, allows the government to withhold checks drawn on public money if the Secretary of the Treasury has no assurance that the beneficiary will receive the check or be able to negotiate it for full value. Under section 3329, payment of withheld benefits is deferred until the Treasury restrictions are lifted. 31 U.S.C. § 3329(c). Section 402(t)(10), Title 42 United States Code, however, does not only defer payment of withheld benefits, it bars such payment. Section 402(t)(10) provides that no monthly benefits *shall be paid* to (1) aliens, (2) residing in a foreign country during such month, (3) if such payment was withheld pursuant to 31 U.S.C. § 3329(a). In other words, if an individual satisfies the three requirements set forth in section 402(t)(10), he or she will not be entitled to retroactive payment of his or her withheld Social Security benefits. As opposed to funds withheld under section 3329, benefits withheld pursuant to section 402(t)(10) are never payable. Therefore, benefits withheld under section 402(t)(10) may not accrue. *See* "Accrued Compensation," Black's Law Dictionary 20 (5th ed. 1979).

In light of the clear statutory language, this Court holds that plaintiff is not entitled to retroactive payment of the benefits withheld between 1975 and 1983.

Accordingly, the Secretary's determination is hereby affirmed.

SO ORDERED.

---

[2]. 42 U.S.C. § 402(t)(10) provides:

    tions in the foreign country, do not reasonably ensure that the payee—
    (1) will receive the check or warrant; and
    (2) will be able to negotiate it for full value.
    (b)(1) ...
    (2) The Secretary may release the check or warrant for delivery during the calendar quarter after the date of the check or warrant if the Secretary decides that conditions have changed to ensure reasonably that the payee—
    (A) will receive the check or warrant; and
    (B) will be able to negotiate it for full value.

    Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or section 423 of this title, for any month beginning after June 30, 1968, to an individual who is not a citizen or national of the United States and who resides during such month in a foreign country if payments for such month to individuals residing in such country are withheld by the Treasury Department under sections 3329(a) and 3330(a) of Title 31.

[3]. 31 U.S.C. § 3330 is not relevant in this case.